## Judge of Probate, use, &c. *v.* Hairston, *et al.*

Where in a suit against an Administrator on his bond to recover a debt due by the intestate, he pleaded that the right of action did not accrue within six years before the commencement of the suit; held the plea was bad. The defendant should have averred his exemption from liability to pay as administrator at the time of the presentation of the claim.

The law does not require the authentication of a claim against a deceased person's estate, as a prerequisite to presentment, in order to prevent the statute from attaching as a bar.

IN error from the circuit court of the county of Madison.

Marsh, for plaintiff in error.

F. Huston, *contra.*

Opinion of the court by Mr. Justice SMITH.

This was originally an action of debt upon an administration bond, instituted in the circuit court of Madison county, against George Hairston, the administrator of Henry Hairston, deceased, and his sureties in the bond.

To the declaration filed in this cause the defendants demurred, assigning several special causes of demurrer. The defendants also pleaded several pleas in bar of the action, to wit:

1. A plea of *nil debit;*

2. A plea of *plene administravit;*

3. A plea of the statute of limitation in the following words, to wit:—"That the said several causes of action mentioned in the assignment of breaches to the said bond, &c. did not, nor did any of them accrue to the said Gairy and Weaver, within six years before the commencement of this suit, &c."

4. A plea of payment, and,

5. A plea of the statute in relation to the presentation of claims against the estate of deceased persons by non residents, with averment "that defendant's letters of administration were duly granted to him by, &c., that, &c., and publication of notice was

[Judge of Probate, use, &c. v. Hairston, et al.]

duly made; and that the plaintiff's claim was not authenticated in the manner prescribed by the nineteenth section of the probate court law, and so authenticated, presented to the administrator within three years after the said publication of notice.

To this last plea and the third plea above stated, the plaintiffs demurred, and issue was joined thereon.

The breach of the condition of the bond declared on, and upon which it is manifest the plaintiffs mainly relied, recites that Hairston, the administrator, did not properly administer the effects of his intestate in this, that the said Hairston as administrator did not pay off and discharge a debt, due by the deceased in his life time to Gairy and Weaver, for whose use this suit was brought, and it is also averred in the breach that said claim of Gairy & Weaver was duly presented to the defendant Hairston, and payment demanded.

Upon the demurrer would necessarily arise this question, now strenuously mooted in the courts of judicature in this state, whether the surety in an administrator's bond, is liable in an action on the bond before a default on the part of the principal has been judicially established, if the agreement entered into by the parties, and spread upon the record, had not precluded this court from enquiring into it.

This agreement materially narrows the field of investigation, and renders it necessary for the court to examine only the two following propositions, to wit:

1. Does the 5th plea of defendant, constitute a valid defence to the plaintiffs' right of action; and,

2. Will the presentation of a claim against an estate without authentication, prevent the law, prescribing demands of non residents against the estates of deceased persons, which shall not have been presented within three years after grant of letters and publication of notice, from attaching.

1. The plaintiff in this action seeks to charge the defendant individually for an alleged violation of his trust duties, in not paying the debt held against his intestate, by the plaintiff. By the terms of the bond the administrator is bound to pay the debts of the intestate, and upon his failure to do so, a right of action, if he shall have assets sufficient, accrues upon his bond in favor of

the party aggrieved. The plea does not deny the liability of the administrator to pay the debt claimed, but avers that the right of action did not accrue within six years before the commencement of his suit. If the action had been brought against Hairston in his administrative character, the plea may have been sufficient. The defendant should have averred his exemption from liability to pay as administrator at the time of presentation. The fact then that the right of action did not accrue within six years before the commencement of suit, affords him no protection; and the court below should have overruled the demurrer.

2. As to the second proposition the decision of this court in the case of Wren's administrator *v.* Span's administrator is conclusive. In that case the court held that the 115th section of the orphan's court law, does not require authentication as a prerequisite to presentment, so as to prevent the statute from attaching.

The judgment of the court below must therefore be reversed, and the cause remanded.

[*Note.*—This case was decided in 1835.]